**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RALPH WYNDER, JR.,                       :
                                         :   Civil Action No. 09-5835 (RBK)
               Plaintiff,                :
                                         :
                                         :
               v.                        :   **OPINION**
                                         :
SIDNEY TERRELL, et al.,                  :
                                         :
               Defendants.               :


**APPEARANCES:**

     RALPH WYNDER, JR., Plaintiff pro se
     #179457
     Atlantic County Justice Facility
     5060 Atlantic Avenue
     Mays Landing, New Jersey 08330

**KUGLER**, District Judge

     Plaintiff, Ralph Wynder, Jr., a state inmate currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this action in forma pauperis.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.  <u>BACKGROUND</u>

Plaintiff, Ralph Wynder, Jr. ("Wynder"), brings this civil action, pursuant to 42 U.S.C. § 1983, against defendants Sidney Terrell and the Egg Harbor Township Police Department. (Complaint, Caption, ¶ 3b).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Wynder alleges that defendant, Sidney Terrell, a police officer employed by the Egg Harbor Township Police Department, had another police officer go to the Egg Harbor Township Municipal Court to testify that Wynder wanted $50.00 from his wife so Wynder filed assault charges against her.  Wynder claims that this was not true.  However, the charges against his wife were dropped.  (Compl., ¶4 - Statement of Claims)

Wynder states that he was in jail at the time of the court hearing, and the court was so informed.  Wynder further alleges that his wife was on bail at the time and she and her family were threatening plaintiff.  (<u>Id</u>.).

Wynder asks that this Court order the Egg Harbor Township Municipal Court to hear plaintiff's case against his wife since Wynder was unable to attend court the first time.  (Compl., ¶ 5).

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to <u>sua sponte</u> screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) an § 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)(following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  <u>See also United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

3

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell

---

[1]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

_Atlantic Corp. v. Twombly_, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "_Iqbal_, 129 S.Ct. at 1949 (quoting _Twombly_, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." _Fed. Rule Civ. Proc._ 8(a)(2).

_Iqbal_, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

_Iqbal_, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  <u>Id</u>. at 1948.  The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>Id</u>. at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, ___ F.3d ___, 2009 WL 2501662, *4 (3d Cir., Aug. 18, 2009).

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[2] that applied to federal complaints before <u>Twombly</u>.  <u>Fowler</u>, 2009 WL 2501662, *5.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that

---

[2]  In <u>Conley</u>, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Id</u>., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

the plaintiff has a "plausible claim for relief." [Id.]  In
other words, a complaint must do more than allege the
plaintiff's entitlement to relief.  A complaint has to
"show" such an entitlement with its facts.  See Phillips,
515 F.3d at 234-35.  As the Supreme Court instructed in
Iqbal, "[w]here the well-pleaded facts do not permit the
court to infer more than the mere possibility of misconduct,
the complaint has alleged-but it has not 'show [n]'-'that
the pleader is entitled to relief.'"  Iqbal, [129 S.Ct. at
1949-50].  This "plausibility" determination will be "a
context-specific task that requires the reviewing court to
draw on its judicial experience and common sense." Id.

Fowler, 2009 WL 2501662, *5.

This Court is mindful, however, that the sufficiency of this

pro se pleading must be construed liberally in favor of

Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89

(2007).  Moreover, a court should not dismiss a complaint with

prejudice for failure to state a claim without granting leave to

amend, unless it finds bad faith, undue delay, prejudice or

futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-

111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.

2000).

### III.  SECTION 1983 ACTIONS

Wynder brings this action pursuant to 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

Every person who, under color of any statute,
ordinance, regulation, custom, or usage, of any State
or Territory ... subjects, or causes to be subjected,
any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other
proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

III.  ANALYSIS

It appears that Wynder is alleging that defendant Terrell and another Egg Harbor Township police officer testified falsely at a municipal court hearing.  To the extent that the Complaint against the police defendants here are based on the officers' testifying falsely before a grand jury or a court, such claims must be dismissed because a witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983)(police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F .2d 1454, 1467 and n. 16 (3d Cir.1992)(witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988)(witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

Next, it is not clear whether Wynder seeks the prosecution of the defendants for the alleged perjury.  Authorities are in agreement, however, that the submission by a private party of a civil rights complaint, or a purported criminal complaint, in federal court is not the appropriate manner in which to initiate criminal proceedings.

> A private person may not prosecute a federal criminal complaint. Prosecution of a federal crime is the prerogative of the United States through the attorney general and his delegates, the United States attorneys. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."); The Confiscation Cases, 74 U.S. 454, 457 (1868)("Public prosecutions, until they come before the court to which they are returnable, are within the exclusive direction of the district attorney, [ ... ]"); ...; United States ex rel. Savage v. Arnold, 403 F. Supp. 172, 174 (E.D.Pa. 1975); United States v. Panza, 381 F. Supp. 1133, 1133-35 (W.D. Pa.1974) (reciting history of rule); ....

Peters v. Beard, 2006 WL 2174707 (M.D. Pa.  June 13, 2006) (Report and Recommendation) (citations omitted), adopted by, 2006 WL 2175173 (M.D. Pa. Aug. 1, 2006).  See also Higgins v. Neal, 52 F.3d 337, 1995 WL 216920 (10th Cir.1995)(unpubl.)(collecting cases); Caracter v. Avshalumov, 2006 WL 3231465 (D.N.J.  Nov. 8, 2006)(collecting cases); Stoll v. Martin, 2006 WL 2024387 (N.D. Fla. July 17, 2006)(collecting cases).

Nevertheless, if a purported criminal complaint warrants action, a court may refer it to the United States Attorney for action.  Savage, 403 F. Supp. at 174.  The commencement of a

criminal action is governed in part by <u>Federal Rules of Criminal Procedure</u> 3 and 4, which provide some guidance in determining whether a purported criminal complaint merits reference to the United States Attorney.  Rule 3 provides, "The complaint is a written statement of the essential facts constituting the offense charged.  It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer."  Rule 4 provides, in pertinent part, "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."

Here, Wynder's allegations are not sufficient to establish probable cause to believe that the defendants violated any federal criminal statute.  Therefore, this Court perceives no reason, on the basis of the facts before it, to refer this matter to the United States Attorney.

Finally, it appears that Wynder may be attempting by this lawsuit to make an "end run" around the judgment entered against him in state municipal court.  To the extent that Wynder wishes to challenge that state court judgment, his recourse is properly made by direct appeal in state court.  This Court lacks

jurisdiction to hear an appeal of Wynder's state court civil judgment, pursuant to the Rooker-Feldman Doctrine.[3]

"Under the Rooker-Feldman doctrine, a district court ... lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). This doctrine is a narrow one, and "applies only to cases brought by (1) state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments." Id.

More simply stated, Rooker-Feldman bars a federal proceeding when "entertaining the federal claim would be the equivalent of an appellate review" of the state judgment. Allah v. Whitman, No. 02-4247, 2005 WL 2009904, at *4 (D.N.J. Aug. 17, 2005)(quoting FOCUS v. Alleghany County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). Thus, a cause of action asserted in federal court that ultimately seeks to vacate the decision or reasoning of a state court is barred under Rooker-Feldman. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 419-20 (3d Cir. 2001)(Rooker-Feldman bars those claims that "[are] inextricably intertwined with [the] state adjudication, meaning

---

[3]   Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, (1983).

that federal relief can only be predicated upon a conviction that the state court was wrong.").

This Court finds that the Rooker-Feldman doctrine applies here to bar this proceeding.  First, Wynder admittedly lost in a New Jersey state court proceeding when the assault charges he brought against his wife were dismissed upon the officers' testimony.  Second, this New Jersey state court adjudication against Wynder occurred before he filed this action in federal court.  Finally, Wynder is essentially asking this Court to review and reject the state court adjudication against him. Clearly then, Wynder's purported claims against his wife and the police officers who testified against him, are "inextricably intertwined" with the decision of a New Jersey state court that entered judgment against Wynder because such claims amount to nothing more nor less than a "prohibited appeal" from the decision of the New Jersey state court.  Therefore, this Court does not have subject matter jurisdiction over Wynder's claim to have his state case reheard pursuant to the Rooker-Feldman doctrine, and the Complaint must be dismissed accordingly.

IV.  CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim, and for lack of subject matter jurisdiction.  An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: May 14, 2010